FILED'10 FEB 02 11:38USDC-ORM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

JON and LYNNA BOWERS, et al.,

Plaintiffs,

v.

RICHARD WHITMAN, et al.,

Defendants.

Civ. No. 09-3082-PA

**OPINION AND ORDER**

---

**PANNER, J.**

Plaintiffs bring this action for declaratory and injunctive relief and money damages under 42 U.S.C. § 1983 against Richard Whitman, director of the state Department of Land Conservation and Development (DLCD), and the DLCD. Plaintiffs contend that defendants violated their constitutional rights by treating Measure 37 waivers as invalid after the passage of Measure 49. See Citizens for Constitutional Fairness v. Jackson County, Civ. No. 08-3015-PA, 2008 WL 4890585, at *1-2 (D. Or. Nov. 12, 2008) (describing statutory background).

The DLCD moves to dismiss, asserting Eleventh Amendment immunity. Whitman moves to dismiss plaintiffs' fifth claim, asserting qualified immunity. I grant the motions.

**BACKGROUND**

The following allegations are from the complaint. Plaintiffs own real property in Jackson, Josephine, and Lane counties. Plaintiffs obtained Measure 37 waivers from their respective counties. The DLCD issued a rule prohibiting plaintiffs from using their property as allowed by the Measure 37 waivers unless they also received waivers from the State.

Defendant Whitman was an attorney with the Oregon Department of Justice, where he helped plan the repeal of Measure 37. After voters passed Measure 49, the Oregon Supreme Court held that Measure 49 invalidated Measure 37 waivers. Corey v. Department of Land Conservation and Dev., 344 Or. 457, 465, 184 P.3d 1109, 1113 (2008). Plaintiffs allege, "There exists a pattern of non-consideration of the Constitutional question in the state courts and in the absence of Federal Court adjudication these plaintiffs will continue to be denied hearing of their Constitutional complaints." Compl. 14, ¶ 31.

Four of plaintiffs' claims are against both the DLCD and Whitman. Plaintiffs seek injunctive relief and declarations that defendants violated their rights to due process under the Fifth Amendment, to equal protection under the Fourteenth Amendment,

and to due process under the Fourteenth Amendment. Plaintiffs' fifth claim against Whitman alleges that he violated plaintiffs' civil rights, acting "with oppression, fraud and malice." Compl. 29, ¶ 87. Plaintiffs seek compensatory and punitive damages against Whitman.

## STANDARDS

In ruling on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court takes all allegations of material fact as true and construes them in the light most favorable to the nonmoving party. See Diaz v. Int'l Longshore and Warehouse Union, 474 F.3d 1202, 1205 (9th Cir. 2007).

## I. The DLCD's Motion to Dismiss

### A. The DLCD Is Not a "Person" Under 42 U.S.C. § 1983

Plaintiffs base their claims against the DLCD on 42 U.S.C. § 1983. By its terms, § 1983 applies only to "persons," and a state is not a "person" under § 1983. Hale v. Arizona, 993 F.2d 1387, 1398 (9th Cir. 1993) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-66 (1989)). "This limitation on § 1983 also extends to 'arms of the State.'" Id. The DLCD, a state agency, is an arm of the state. Because the DLCD is not a "person" for purposes of a claim under § 1983, plaintiffs' claims against the DLCD must be dismissed for failure to state a claim.

**B. Eleventh Amendment Immunity**

Alternatively, plaintiffs' claims against the DLCD must be dismissed because of Eleventh Amendment immunity. "Under the Eleventh Amendment, a state is immune from suit under state or federal law by private parties in federal court absent a valid abrogation of that immunity or an express waiver by the state." In re Mitchell, 209 F.3d 1111, 1115-16 (9th Cir. 2000) (footnote omitted), overruled in part on other grounds, Kimel v. Florida Bd. of Regents, 528 U.S. 62 (2000).

**1. There Has Been No Express Waiver**

The Eleventh Amendment creates a privilege that the state may waive by failing to timely assert the privilege. Harrell v. Southern Oregon Univ., Civ. No. 08-3037-CL, slip op. at 3 (D. Or. June 30, 2008) (citing Hill v. Blind Indus. & Servs. of Maryland, 179 F.3d 754, 760 (9th Cir. 1999), amended, 201 F.3d 1186 (2000)). Here, the State of Oregon timely asserted Eleventh Amendment immunity.

**2. There Is No Abrogation**

"Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit." Hale v. State of Ariz., 993 F.2d 1387, 1398 (9th Cir. 1993) (citing Quern v. Jordan, 440 U.S. 332, 344-45 (1979)). It makes no difference that plaintiffs seek prospective injunctive relief rather than money damages against the DLCD. See Rounds v. Oregon State Bd. of Higher Educ., 166

F.3d 1032, 1036 (9th Cir. 1999) ("Eleventh Amendment's jurisdictional bar applies 'regardless of the nature of the relief sought'") (quoting Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)). The DLCD is entitled to immunity under the Eleventh Amendment.

**3. Whitman Is a Proper Defendant Under Ex parte Young**

Plaintiffs' claims against the DLCD also name Whitman as a defendant. Because Whitman himself is not entitled to Eleventh Amendment immunity, dismissing the DLCD as a defendant has little practical effect on the claims at issue.

In Ex parte Young, 209 U.S. 123, 159-60 (1908), the Court held that the Eleventh Amendment does not bar actions in federal court to compel a state official to comply with federal law. Under the doctrine of Ex parte Young, plaintiffs may proceed with their claims for prospective injunctive and declaratory relief against Whitman. See Edelman v. Jordan, 415 U.S. 651, 667-69 (1974) (Eleventh Amendment does not bar action to compel state compliance with federal welfare standards, but does bar order requiring payment of past due benefits). This court may enjoin a state official "even if [the injunction] might require substantial outlay of funds from the state treasury, provided that it does not award retroactive relief for past conduct." Natural Resources Defense Council v. California Dep't of Transp., 96 F.3d 420, 422 (9th Cir. 1996) (citation omitted).

At oral argument, plaintiffs' counsel cited the venerable case of Poindexter v. Greenhow, 114 U.S. 270 (1885). In Poindexter, the Court held that the Eleventh Amendment did not bar an action in federal court against a state tax collector for alleged illegal conduct. The Court reasoned that the action against the state official was not an action against the state itself. Unlike the complaint here, in Poindexter the plaintiff did not name the state or any state agency as a defendant. Neither Poindexter nor any of the other decisions cited by plaintiffs supports their argument that the DLCD is subject to suit here.

Plaintiffs argue that Eleventh Amendment immunity applies only to claims based on diversity jurisdiction, and not to claims based on federal question jurisdiction. Plaintiffs are wrong. "Eleventh Amendment immunity represents a real limitation on a federal court's federal-question jurisdiction." Idaho v. Coeur d'Alene Tribe, 521 U.S. 261, 270 (1997). The Supreme Court has often applied Eleventh Amendment immunity in federal question cases. See, e.g., Will, 491 U.S. 58; Pennhurst, 465 U.S. 89; Hans v. Louisiana, 134 U.S. 1 (1890).

**II. Motion to Dismiss Fifth Claim on Qualified Immunity Grounds**

Defendants move to dismiss the fifth claim against Whitman, which seeks compensatory and punitive damages based on Whitman's actions as director of the DLCD. Plaintiffs allege Whitman

threatened county commissioners with sanctions if they failed to follow his directions, and interfered with county hearings on land use issues. I agree with defendants that Whitman is entitled to qualified immunity on this claim.

Qualified immunity is "'an immunity from suit rather than a mere defense to liability.'" Pearson v. Callahan, 129 S. Ct. 808, 815 (2009) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). "When an officer asserts immunity, the court dismisses the case unless the officer knew that his conduct was 'clearly unlawful,' that is, unless the officer understood or should have understood that his actions violated a clearly established right." Mattos v. Agarano, --- F.3d ----, 2010 WL 92478, at *3 (9th Cir. Jan. 12, 2010) (citation omitted). The plaintiff "bears the burden of showing that the right at issue was clearly established." Sorrels v. McKee, 290 F.3d 965, 969 (9th Cir. 2002) (citation omitted).

Plaintiffs have not shown that a reasonable official in Whitman's position should have understood that his alleged conduct violated plaintiffs' clearly established rights. The Oregon Supreme Court held that Measure 49 invalidated Measure 37 waivers. Corey, 344 Or. at 465, 184 P.3d at 1113. As director of the DLCD, Whitman was required to enforce Oregon land use law, including coordinating the DLCD's actions with local governments. Or. Rev. Stat. § 197.090(1)(b).

In Citizens For Constitutional Fairness, Civ. No. 08-3015-PA, 2008 WL 4890585, I ruled for the plaintiffs on their claims under the Contract Clause and separation of powers. Those rulings, now on appeal, do not show Whitman's alleged conduct violated clearly established rights.

Because the law governing plaintiffs' claims is not clearly established, Whitman is entitled to qualified immunity. I need not address whether plaintiffs have sufficiently alleged violations of their constitutional rights. See Pearson, 129 S. Ct. at 821-22.

**CONCLUSION**

Defendants' motions to dismiss (9, 11) are granted.

IT IS SO ORDERED.

DATED this 1 day of February, 2010.

OWEN M. PANNER
U.S. DISTRICT JUDGE