FILED'10 SEP 28 13:43USDC-ORM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

JON and LYNNA BOWERS, et al.,

    Plaintiffs,

v.

RICHARD WHITMAN, et al.,

    Defendants.

Civ. No. 09-3082-PA

**ORDER**

**PANNER, J.**

In 2004, Oregon voters passed Ballot Measure 37, which required that state and local governments compensate property owners if land use regulations reduced the fair market value of real property after the owner acquired it. Measure 37 gave state and local governments unilateral discretion to pay property owners monetary compensation or to waive enforcement of the offending land use regulations. *See* Or. Rev. Stat. § 197.352(8) (2005) ("the governing body responsible for enacting the land use regulation may modify, remove, or not to [sic] apply" land use regulations "in lieu of payment of just compensation").

1   -   ORDER

Plaintiffs here received Measure 37 waivers from Jackson, Josephine, or Lane counties. In 2007, voters passed Ballot Measure 49, which superseded Measure 37 and retroactively invalidated all Measure 37 waivers. *See Corey v. Dep't of Land Conservation and De*v., 344 Or. 457, 466-67, 184 P.3d 1109, 1114 (2008).

Plaintiffs claim that Measure 49's retroactive invalidation of Measure 37 waivers violates their rights to substantive and procedural due process and to equal protection. The parties move for summary judgment. I grant defendants' motion and deny plaintiffs' motion.

## DISCUSSION

This case is ready for summary judgment. There are no disputed issues of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Plaintiffs claim that Measure 49 violates their rights to substantive due process because Measure 49 retroactively invalidates their Measure 37 waivers. In deciding whether Measure 49 violated plaintiffs' rights to substantive due process, I must determine the type of interest at stake. Plaintiffs characterize Measure 37 waivers alternatively as legally vested claims for monetary compensation; as binding contracts between the claimant and the government issuing the waiver; or as final judgments.

I previously addressed the legal effect of Measure 37 waivers after Measure 49 in *Citizens for Constitutional Fairness v. Jackson County*, Civ. No. 08-3015-PA, 2008 WL 4890585 (D. Or. Nov. 12, 2008) (*Citizens I*). There, I ruled that Measure 37 waivers were constitutionally protected contracts between the property owner and the issuing county, or alternatively were equivalent to judgments issued by the county commissioners. I concluded that Jackson County was required to honor the Measure 37 waivers.

After the parties here completed their briefing on summary judgment, the Ninth Circuit reversed *Citizens I*, ruling that Measure 37 waivers are neither contracts nor judgments. *Citizens for Constitutional Fairness v. Jackson County*, 2010 WL 2836106 (9th Cir. 2010) (memorandum disposition). The Ninth Circuit's rulings on Measure 37 waivers apply here because the legal issues are the same. The circuit's decision resolves this case.

## CONCLUSION

Defendants' motion for summary judgment (#21) is granted. Plaintiffs' amended motion for partial summary judgment (#29) is denied.

IT IS SO ORDERED.

DATED this 26 day of September, 2010.

_____
OWEN M. PANNER
U.S. DISTRICT JUDGE

3   - ORDER